**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TERENCE MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-439-GKF-FHM |
| ) | |
| ER SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is plaintiff's Motion to Vacate Voluntary Dismissal [Dkt. # 18].

Plaintiff Terence Moses ("Moses") previously sued defendant in this court on February 26, 2009. *See Moses v. ER Solutions*, Case No. 09-cv-101-GKF. On April 7, 2009, the parties entered into a Stipulation of Dismissal pursuant to Fed.R.Civ.P. 41(a)(ii), and the case was closed.

On June 17, 2009, Moses sued defendant in Small Claims Court in Tulsa County, Oklahoma. *See Moses v. ER Solutions*, Case No. SC-2009-10048, at www.oscn.net. The Small Claims Court set the matter for trial on July 10, 2009. *See* Dkt. #7, ¶ 1.

On July 8, 2009, Moses filed the instant action. On July 9, 2009, Moses filed an "Expedited Motion for Substituted Service" [Dkt. #7], in which he sought an order from this Court directing the United States Marshal to serve defendant's counsel with summons and complaint on July 10, 2009 at the Tulsa County District Court Small Claims Division Room #122 on or around 9:00 a.m. This court denied Moses' request by Minute Order on July 9, 2009.

On July 10, 2009, Moses voluntarily dismissed his Small Claims case in state court. *See* Dismissal of 7/10/2009, Case No. SC-2009-10048, at www.oscn.net.

On September 4, 2009, Moses filed a Dismissal Without Prejudice of all claims in this action pursuant to Fed.R.Civ.P. 41(a)(1)(i) [Dkt. # 11]. Moses now seeks to vacate his voluntary dismissal

of the action. He explains that he dismissed the case because he "was in the process of moving to the State of Georgia and intended on re-filing this civil action in the United States District Court of the Northern District of Georgia (Atlanta Division) but after learning of the job market in Georgia and after spending about 3 weeks looking for a job the Plaintiff decided to relocate back to Oklahoma." Moses contends his dismissal was premature and constitutes mistake, inadvertence or excusable neglect on his part under Fed.R.Civ.P. 60(b)(1).

Rule 60(b) relief is only appropriate under extraordinary circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994), citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *Bud Brooks Trucking v. Bill Hodges Trucking*, 909 F.2d 1437, 1440 (10th Cir. 1994). A plaintiff's voluntary dismissal for personal convenience, which he later regrets, does not present the extraordinary circumstances necessary for such relief. This court concludes that plaintiff's decision to dismiss his claims without prejudice was a voluntary, affirmative tactical decision which does not rise to the level of "mistake, inadvertence, surprise, or excusable neglect" warranting relief under Rule 60(b)(1).

WHEREFORE, plaintiff's Motion to Vacate Voluntary Dismissal [Dkt. # 18] is denied.

IT IS SO ORDERED this 31st day of December, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma